UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM T. JACKLING, As Executor
of the Estate of Martha A. Jackling,

Plaintiff,

v.                                          DECISION AND ORDER

BRIGHTHOUSE LIFE INSURANCE                  20-CV-6899-MJP
COMPANY, et al.,

Defendants.

---

**Pedersen, M.J.** Before the Court is Defendant Brighthouse Life Insurance Company's motion seeking costs pursuant to 28 U.S.C. § 1927.[1] (Nov. 17, 2021, ECF No. 40.) Plaintiff has not filed any opposition.[2] For the reasons stated below, the Court grants Defendant's application, awarding Defendant's counsel a portion of their requested amount.[3]

---

[1] "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (1980).

[2] At the time Defendant filed its motion, Plaintiff was represented by counsel. Per W.D.N.Y. Loc. R. Civ. P. 7(b), a response was due on December 1, 2021. On February 9, 2022, seventy days after the response to Defendant's application was due, counsel filed a motion to withdraw. (First Mot. to Withdraw as Atty., Feb. 9, 2022, ECF No. 52.) On February 23, 2022, the Court granted the application to withdraw and substitute counsel. (Text Order, ECF No. 55.) Substituted counsel for Plaintiff has not requested time to respond to the outstanding application.

[3] The Court notes that this case is being heard under consent jurisdiction. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; L. R. Civ. P. 73. Second, since Plaintiff's counsel's conduct is at issue, the Court will refer primarily to "Plaintiff's counsel" rather than "Plaintiff."

## PROCEDURAL AND FACTUAL HISTORY

Defendant seeks recovery of costs pursuant to 28 U.S.C. § 1927 because Plaintiff's counsel's actions forced Defendant to engage in "unnecessary motion practice" in filing a motion to dismiss. (Def.'s Mot. Seeking Costs ¶ 3, ECF No. 40.) Defendant originally requested a recovery of costs pursuant to 28 U.S.C. § 1927 in its motion to dismiss. (Mot. to Dismiss ¶ 2, ECF No. 16-1.) Defendant asserts it was forced to conduct unnecessary motion practice because Plaintiff's counsel included and later failed to remove unnecessary defendants from this action.[4] (Compl. at 1, ECF No. 1-1.) Plaintiff's counsel identified several defendants other than Brighthouse Life Insurance Company in his complaint: "Travelers," "Metlife," "Genworth," and "Brighthouse Financial." (Compl. ¶¶ 5–8, ECF No. 1-1.)

Defendant's removal petition put Plaintiff's counsel on notice of Defendant Brighthouse's position that they were the only proper defendant. (Not. of Removal ¶¶ 14–22, ECF No. 1.) Defendant attached Jason Frain's affirmation, which indicated that "Brighthouse Life Insurance Company is the sole entity responsible to the insured under the policy." (Aff. of Jason Frain ¶ 10, ECF No. 1-2.) Defendant attached exhibits to Mr. Frain's affirmation supporting their position. (Aff. of Jason Frain, Exs. A–D, ECF Nos. 1-3, 1-4, 1-5, 1-6.)

Between that time and Defendant's eventual motion to dismiss the unnecessary defendants, Defendant presented Plaintiff's counsel with additional opportunities to dismiss the unnecessary defendants. Defendant sent Plaintiff's

---

[4] For simplicity, the Court will refer to the defendants dismissed in its Order, (ECF No. 34), as "the unnecessary defendants."

counsel a letter dated January 12, 2021, (Letter at 2–3, ECF No. 13-13), detailing their position about the unnecessary defendants, and stating that "[i]f you fail to dismiss the improper parties and amend the caption [Defendant] will be forced to file [a motion to dismiss]. If that occurs, we will seek all costs . . . for making that motion again."[5] (*Id*. at 3.) It appears that there were some emails exchanged between Plaintiff's and Defendant's counsel about extending that deadline. (ECF No. 13-14.) Nonetheless, when Defendant filed its motion to dismiss, Plaintiff's counsel still had not responded. Plaintiff's counsel stated in his response to the motion to dismiss that

> There remains concern on the part of Plaintiff whether he should rely upon the word of the Defendants who have only provided self-serving documents claiming that these defendants are no longer responsible for the claims of the Plaintiff.

(Pl.'s Resp. to Def.'s Mot. to Dismiss at 1, ECF No. 21.) The Court dismissed the unnecessary defendants in its order dated October 18, 2021, and indicated it would hold oral argument on the issue of the award of costs. (Order at 2, ECF No. 34.)

In its order dismissing the unnecessary defendants, the Court also directed the parties to meet and confer on the issue of costs. (*Id*.) Plaintiff's counsel indicated to the Court that the parties did not come to a resolution. (Letter Mot. for Hr'g, ECF No. 37.) Accordingly, the Court held a hearing on November 23, 2021, where both

---

[5] Presumably, Defendant was referring to the motion made during arbitration. While the arbitration proceeding is relevant, because Defendants put forward information sufficient to demonstrate that Plaintiff should not include the unnecessary defendants, the Court's focus is on Plaintiff's counsel's actions given the language of 28 U.S.C. § 1927, which addresses sanctioning attorneys. However, Plaintiff's counsel should have known that the Arbitrator amended the caption of that proceeding on April 25, 2019. (ECF No. 13-12.)

Plaintiff's and Defendant's counsel appeared and had an opportunity to be heard.[6] (ECF No. 43.)

## STANDARD OF LAW

The Court may require "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927. When analyzing a motion pursuant to this statute, the Court must find that "(1) the challenged claim was without a colorable basis and (2) the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment and delay." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012) (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 336 (2d Cir. 1999)). Although "inferences of bad faith are disfavored," *see Eiseman v. Greene*, 204 F.3d 393, 396 (2d Cir. 2000), a finding of "[b]ad faith can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Gissendaner v. Credit Corp. Sols., Inc.*, 358 F. Supp. 2d 213, 224 (W.D.N.Y. 2019) (quoting *Schlaifer Nance & Co.*, 194 F.3d at 338).

---

[6] "[D]ue process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) (quoting *Ted Lapidus, S.A.*, 112 F.3d 91, 96 (2d Cir. 1997)). That requirement has been met here through the November 23, 2021, hearing where the Court addressed the pending motion pursuant to 28 U.S.C. § 1927. (ECF No. 43.)

## DISCUSSION

When attorneys practice before this Court, they "assume responsibilities to their client, to the opposing parties and their counsel, and to the Court." *Hart v. Blanchette*, No. 13-CV-6458CJS, 2019 WL 1416632, at *1 (W.D.N.Y. Mar. 29, 2019), *report and recommendation adopted sub nom., Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2021 WL 2002996 (W.D.N.Y. May 19, 2021). One such responsibility, common both to Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, is that attorneys must ensure that claims have "legal and factual support," when "considered in light of the reasonable beliefs of the individual making the claim." *Schlaifer Nance & Co.*, 194 F.3d at 337 (internal quotations omitted); *cf.* L. R. Civ. P. 11(a) (noting that where attorneys "fail[] . . . to complete the necessary preparations" for "appear[ing] before the Court," the Court may issue sanctions).

Here, Plaintiff's counsel lacked "evidentiary support" for the "factual contention" that the unnecessary defendants needed to be included in this litigation. Fed. R. Civ. P. 11(b); *see also Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) ("Sanctions may be . . . imposed when court filings . . . are not supported by existing law, lack evidentiary support, or are otherwise frivolous."). The Court so ruled (Order, ECF No. 34), and Plaintiff has yet to advance any such evidentiary support or factual contention other than his apprehension at relying on Defendant's self-serving statements. (Pl.'s Resp. to Def.'s Mot. to Dismiss at 1, ECF No. 21.)

Based on Plaintiff's counsel's failure to investigate, the Court will infer bad faith. While counsel's inclusion of the unnecessary defendants in the complaint,

standing alone, would not transgress 28 U.S.C. § 1927, the Court infers from his repeated failures to remove those defendants that his purpose was an "improper" one, "such as delay," amounting to bad faith. *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986). The removal petition, (ECF No. 1), and correspondence from Defendant's counsel dated January 12, 2021, (ECF No. 13-13), should have prompted Plaintiff's counsel to determine whether the unnecessary defendants were, indeed, unnecessary. Plaintiff's counsel failed to do so. At the hearing on this matter, Plaintiff's counsel simply stated he was relying in "blind faith" on Defendant's counsel's representations about the unnecessary defendants. (Recording of Nov. 23, 2021, Proceedings, on file with the Court.) Even then, Plaintiff's counsel had failed to examine whether the unnecessary defendants were, in fact, unnecessary. *Cf.* L. R. Civ. P. 11(a) & (b) (sanctions may be imposed on counsel where counsel fails "to complete the necessary preparations" for "appear[ing] before the Court" and the Court finds "that sanctions . . . would be inadequate or unjust to the defaulting party"). A finding of bad faith is warranted because a cursory examination of the Defendant's documents, or an independent inquiry, would have obviated the need for Defendant's motion to dismiss. No reason, other than a desire to delay and obfuscate, explains Plaintiff's counsel's conduct. Accordingly, the Court finds that assessing fees on Plaintiff's counsel under 28 U.S.C. § 1927 is warranted.

### *Calculating Attorney's Fees*

Once a court determines that an attorney has so multiplied the proceedings in the case unreasonably, it may, per 28 U.S.C. § 1927, require payment of "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Defendant seeks a recovery of attorney's fees in the amount of $5,610.00. (Def.'s Notice of Mot. ¶ 19, ECF No. 40-1.) Accordingly, the Court will employ the lodestar method because it is the "starting point" for determining a fees award. *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) ("While the lodestar is not always conclusive, its presumptive reasonability means that, absent extraordinary circumstances, failing to calculate it as a starting point is legal error."). It is the starting point also because "the Supreme Court's directive that fee award calculations be 'objective and reviewable,' impl[ies] [that] the district court should at least provide the number of hours and hourly rate it used to produce the lodestar figure." *Id.* (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)).

Courts calculate the "lodestar" figure by "multiply[ing] 'the number of hours reasonably expended' by a 'reasonable hourly rate.'" *Schneider on behalf of A.T. v. City of Buffalo*, No. 18-cv-1431 V(SR), 2021 WL 5042502, at *3 (W.D.N.Y. Oct. 29, 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Once calculated, there is a "strong presumption" that the lodestar figure is reasonable, but this presumption "may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may be properly considered in determining a reasonable fee." *Ceglia v. Zuckerberg*, No. 10-CV-00569A(F), 2012 WL 503810, at *4 n. 6 (W.D.N.Y. Feb. 14, 2012 (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010)); *see also McPhaul v. Ingisht Mgmt. Partners*, No. 1:19-CV-1392, 2022 WL 542534 (W.D.N.Y. Feb. 23, 2022) ("Generally, the 'lodestar' creates a presumptively reasonable fee, guided by the *Arbor Hill* factors.") "The court may then adjust the lodestar amount [by] factoring in the *Arbor Hill* considerations." *McPhaul*,

7

2022 WL 542534, at *3.[7] Application of those factors, in addition to determining the lodestar figure, are "issues generally confined to the sound discretion of the court." *Cush-Crawford v. Adchem Corp.*, 94 F. Supp. 2d 294, 301 (E.D.N.Y. 2000), *aff'd*, 271 F.3d 352 (2d Cir. 2001).

### Reasonable Hourly Rate

Based on Defendant's billed amount divided by the hours worked, Defendants seek an in-district hourly rate of $300. (Def.'s Notice. of Mot. ¶ 19, ECF No. 40-1.) For the reasons stated below, the Court finds this rate is reasonable.

Using a $300 hourly rate is appropriate, first, because the Western District has frequently applied higher "reasonable in-district rates" to partners with experience levels like that of Defendant's counsel. *See, e.g.*, *Grand River Enterprises*, 2021 WL 4958653, at *4 (awarding $500 hourly fee to attorney with 20 years of experience); *DIRECTV, LLC v. Wright*, No. 1:15-cv-00474-FPG, 2020 WL 289156, at *2 (W.D.N.Y.

---

[7] The *Arbor Hill* factors are as follows:

(1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

522 F.3d at 186 n. 3 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). Since the applicable *Arbor Hill* factors are considered in computing the lodestar figure, the Court will not consider them further. *See Davis v. Shah*, No. 12-CV-6134 CJS, 2017 WL 2684100, at *3 (W.D.N.Y. June 22, 2017) (quoting *Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 22 (2d Cir. 2015)) ("In setting the reasonable hourly rate, courts should bear in mind . . . the *Johnson* [*i.e. Arbor Hill*] factors.").

Jan. 21, 2020) (awarding hourly rates ranging from $385 to $490). In a 2016 case, *In re Eastman Kodak ERISA Litigation*, the Western District applied "reasonable in-district rates" of $325 an hour for partners and other senior counsel and $300 an hour for associates. 213 F. Supp. 3d 503, 506. Given that "[t]he rates used by the court should be current rather than historic hourly rates," *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006), the Court is persuaded that $300 per hour is reasonable since it would have fallen below the "reasonable in-district rates" for partners like Defendant's counsel in 2016. *In re Eastman Kodak*, 213 F. Supp. at 506.

Second, the Court's own knowledge of the prevailing hourly rates in this district supports the proposition that $300 is a reasonable hourly rate. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may use its knowledge of the relevant market when determining the reasonable hourly rate.") For the reasons stated, the Court finds that a $300 hourly fee is "[a] reasonable rate . . . in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Schneider*, 2021 WL 5042502, at *3 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)).

### *Reasonable Hours Billed*

Next, the Court must consider the "reasonable number of hours required by the case." *Millea*, 658 F.3d at 166. The Court of Appeals has held that "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). "To determine the reasonableness of the hours spent on litigation, the court

must make a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." *Godson v. Eltman, Eltman & Cooper, P.C.*, 328 F.R.D. 62–63 (W.D.N.Y. 2018) (quoting *McLaughlin v. IDT Energy*, 14 CV 4107 (ENV)(RML), 2018 WL 3642627, at *18 (E.D.N.Y. July 30, 2018)).

Concerning documentation of hours, the "requesting party" must "submit evidence supporting the number of hours worked and the hourly rate claimed." *New York v. Grand River Enterprises Six Nations, Ltd.*, No. 14-CV-910A(F), 2021 WL 4958653, at *2 (W.D.N.Y. Oct. 26, 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Attorneys "should include 'contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Here, Defendant satisfies the documentation requirement. They have provided a breakdown "listing the time spent on the case, the attorney performing the services . . . and a description of the work performed." *Martinez*, 330 F.R.D. at 66.[8] Defendant's counsel stated that the fees "are correct" and "were actually and necessarily performed." (Def.'s Notice of Mot. at ¶ 20, ECF No. 40-1.) While the Court accepts the sufficiency of Defendant's documentation for purposes of considering Defendant's motion pursuant to 28 U.S.C. § 1927, the Court will reduce the fees award for the reasons stated next.

---

[8] This breakdown may be found in the renewed motion under 28 U.S.C. § 1927. (Kingsley Decl. ¶ 19, ECF No. 40–1.)

The Court will award only part of Defendant's requested attorney's fees because some of the hours logged were "redundant, or otherwise unnecessary." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch*, 148 F.3d at 173); *see also Martinez*, 330 F.R.D. at 72 (reducing award because of "vague" and "duplicative" items). First, a more junior lawyer could have prepared the motion to dismiss since it relied heavily on the removal petition, making some of the costs associated with it "unnecessary." *Id*. For example, Defendant essentially attached the entire removal petition to the motion to dismiss. (Mot. to Dismiss, Exs. 2, 3, 3-A, 3-B, 3-C, 3-D, 4.) Even in the new documents prepared for the motion to dismiss, some arguments were essentially the same as those presented in the removal petition. (*Compare* Removal Pet. at ¶ 28, ECF No. 1, *with* Mem. of Law in Supp. of Def.'s Mot. to Dismiss at 11, ECF No. 16-15.) Nonetheless, assuming that Defendant's counsel's expertise was necessary for filing the motion to dismiss, his "affirmation fails to explain" why they were required. *Cf. Schneider*, 2021 WL 5042502, at *3. Defendant's counsel uses vague terms such as "augment." (Def.'s Notice of Mot. ¶ 19, ECF No. 40-1.) This is important since "the total number of hours expended" seems "excessive in light of the rather routine nature" of refashioning the removal petition's material for the motion to dismiss. *Grand River Enterprises*, 2021 WL 4958653, at *6.

For these reasons, the Court will exercise its discretion "to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Schneider*, 2021 WL 5042502, at *3 (quoting *Kirsch*, 148 F.3d at 173); *see also Martinez*, 330 F.R.D. at 72 (quoting *T.S. Haulers, Inc. v. Cardinale*, No. 09 CV 451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011)) ("Where entries on a

11

time sheet are vague or duplicative or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an 'across-the-board reduction, or percentage cut, in the amount of hours.'"). The Court finds that a 30% reduction is appropriate. Such a reduction is in line with other decisions of the Western District. *See, e.g.*, *Grand River* Enterprises, 2021 WL 4958653, at *6 (applying reduction of 30% specifically "to account for probable redundancy, overstaffing, block-billing, and fat-trimming"); *Scott-Iverson v. Independent Health Ass'n, Inc.,* 2016 WL 1457881, at *4 (W.D.N.Y. Apr. 14, 2016) (applying 30% reduction for "redundancies inherent in Defendant's block-billing and to eliminate probable unnecessary time").

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for costs pursuant to 28 U.S.C. § 1927. The Court directs Plaintiff's counsel, David S. Stern, Esq., to issue a check in the amount of $3,927 to Goldberg Segalla, LLP, within 30 days of the date of this Decision and Order.

SO ORDERED.

DATED:     March 21, 2022
           Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge